Filed 4/25/13  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055533 |
| v. | (Super.Ct.No. SWF1100831) |
| MARK ALLEN SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Arjuana T. Saraydarian, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Ann Bergen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On May 19, 2011, an information was filed charging defendant and appellant Mark Allen Smith with one count of battery causing serious bodily injury (Pen. Code, § 243,

subd. (d)) and an enhancement of inflicting great bodily injury (Pen. Code, §§ 667, 1192.7, subd. (c)(8)).

On September 12, 2011, proceedings in this case were suspended under Penal Code section 1368. After the completion of psychological evaluations, on October 11, 2011, the proceedings were reinstated.

On November 7, 2011, trial by jury commenced. Two days later, the jury found defendant guilty of battery causing serious bodily injury (count 1), but found that defendant did not inflict great bodily injury.

On December 8, 2011, defendant was sentenced to the midterm of three years in state prison on count 1; however, the execution of the sentence was suspended, and formal probation was granted for 60 months. Defendant was committed to the custody of the Riverside County Sheriff for 330 days, with credit for time served of 230 actual days, plus 120 days conduct credit under Penal Code section 4019, for a total of 350 days. The trial court also ordered defendant to pay various fines and fees.

On January 24, 2012, defendant filed his timely notice of appeal.

STATEMENT OF FACTS

On July 30, 2010, defendant, the victim, and the victim's brother were in a gym in Temecula. According to the victim, defendant bumped into his back, grabbed his arm, mumbled something, and then slapped the victim on both ears. Thereafter, defendant head-butted the victim in the face with sufficient force that the victim's nose started to bleed. The victim grabbed his nose and walked to the front desk to complain about

defendant's actions. Defendant followed the victim to the desk and stated, "'Let's finish it right now.'" Because his nose would not stop bleeding, the victim went to the emergency room. While waiting for a doctor to see him, the victim called the police. The victim testified that he had never talked to defendant prior to this incident and did not know him.

According to defendant, he and the victim were working out near each other in the gym. Defendant testified that he was about to get smashed against a machine, so he put his hands up and the victim bumped into him. The victim then approached defendant and grabbed him with both arms. Defendant removed the victim's arms. The victim then walked away from defendant and toward his brother, about 15 feet away. Defendant then approached the victim to shake his hand, to be "nice [and] polite." However, the victim slapped defendant. Defendant's response to being slapped was to head-butt the victim.

ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>KING</u>
J.

4